# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Francis Funeral Home, Inc. | : | Case No. 25-12439 (AMC) |
| | : | |
| Debtor | : | |

Pursuant to Local Rule 1007-1, Francis Funeral Home, Inc. ("Debtor"), by and through its proposed undersigned counsel, certifies as follows:

1. The Debtor does not believe that any creditor has an interest in cash collateral (as that term is defined by 11 U.S.C. § 363(a)) as of the filing of the Debtor's chapter 11 petition on June 17, 2025.

2. Nevertheless, the Debtor wishes to make the following disclosures:

    (a) The City of Philadelphia has filed of record various statutory lien claims; however, those liens are on account of real estate taxes owing and act as liens only on the specific real property where unpaid real estate taxes exist. Debtor's counsel has contacted the City of Philadelphia Law Department and has obtained written confirmation that the City of Philadelphia takes no position as to the Debtor's cash collateral.

    (b) There are liens filed of record in favor of the Commonwealth of Pennsylvania Department of Labor & Industry ("L&I") for time periods from 2012 through 2014. Debtor's counsel has contacted a representative of L&I and has confirmed that these obligations have been paid and therefore are no longer liened.

    (c) There is a lien filed of record by the Internal Revenue Service dated December 6, 2010. Without yet being able to confirm whether or not those obligations have been paid, under applicable law, the lien is self-releasing after the passage of 10 years, which

occurred in or around December of 2020; accordingly, that lien has expired as a matter of law.

    (d)  Finally, judgment creditor, Dorothy Bolton-Jones, attached two of the Debtor's bank accounts prepetition to enforce a judgment obtained against the Debtor. Although the Debtor believes that those attachments are avoidable as preferential transfers, those funds were removed from the Debtor's accounts by the applicable depository. Accordingly, the Debtor is not able to use those funds until they are returned to the accounts by the judgment creditor, either voluntarily or by judicial process. Either way, the funds will be available for use by the Debtor once the judgment creditor releases her lien of attachment thereon. As a result, the Debtor will not and cannot use those funds until they are returned to the Debtor free and clear of any lien created by operation of law.

               SMITH KANE HOLMAN, LLC

Date: June 18, 2025       By: */s/ David B. Smith*
               David B. Smith, Esquire
               112 Moores Road, Suite 300
               Malvern, PA 19355
               (610) 407-7215 Phone
               (610) 407-7218 Fax
               dsmith@skhlaw.com
               *Proposed counsel to Debtor*